UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ROBERT N. REED,

      Plaintiff,

v.                            Case No:  2:12-cv-429-FtM-38DNF

COMMISSIONER OF SOCIAL
SECURITY,

      Defendant.

_____/

## ORDER[1]

    This matter comes before the Court on the Report and Recommendation of United States Magistrate Judge Douglas N. Frazier (Doc. # 17) filed on August 19, 2013.  Judge Frazier recommends affirming the decision of the Commissioner of Social Security, thereby denying Plaintiff's request for disability benefits (Doc. # 17, p. 18). Plaintiff filed objections to the Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 6.02 of the Middle District of Florida on August 30, 2013. (Doc. #18).   Defendant, the Commissioner of Social Security, filed a Response to Plaintiff's Objections (Doc. #19) on September 10, 2013.

---

[1] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the court has no agreements with any of these third parties or their Web sites.  The court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

## I.      Standard

The Court reviews the Commissioner of Social Security's ("Commissioner") decision to determine if it is supported by substantial evidence and based upon proper legal standards.   Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158 (11th Cir. 2004).  Substantial evidence is more than a scintilla but less than a preponderance, and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion.  Moore v. Barnhart, 405 F.3d 1208, 1211 (11th Cir. 2005); Crawford, 363 F.3d at 1158.  Even if the evidence preponderates against the Commissioner's findings, the Court must affirm if the decision reached is supported by substantial evidence. Crawford, 363 F.3d at 1158-59.  The Court does not decide facts anew, make credibility judgments, reweigh the evidence, or substitute its judgment for that of the Commissioner.  Moore, 405 F.3d at 1211; Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005).  The magistrate judge, district judge, and appellate judges all apply the same legal standards to the review of the Commissioner's decision.  Dyer, 395 F.3d at 1210; Shinn v. Comm'r of Soc. Sec., 391 F.3d 1276, 1282 (11th Cir. 2004); Phillips v. Barnhart, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004).

## II.      Plaintiff's Objections

The Report and Recommendation rejected four specific claims of error alleged to have been committed by the Administrative Law Judge ("ALJ").  Plaintiff objects to three of the Magistrate Judge's recommendations: (1) that the ALJ's residual functional capacity determination is supported by substantial evidence; (2) that the ALJ's credibility determination concerning Plaintiff is supported by substantial evidence; and (3) that the ALJ's Step 4 determination is supported by substantial evidence.

### A. **Plaintiff's RFC**

Plaintiff first objects to the Magistrate Judge's recommendation that the ALJ's determination of Plaintiff's Residual Functional Capacity ("RFC") is supported by substantial evidence. Plaintiff argues that the Magistrate Judge was incorrect in noting that Dr. Johnson simply recounted Plaintiff's subjective and self-reported limitations. (Doc. # 18, p. 2). Instead, Plaintiff asserts that Dr. Johnson's opinions were the objective results of his physical examination of Plaintiff. (Id.). Furthermore, Plaintiff asserts that:

> Dr. Johnson's objective findings and medical conclusions contradict Dr. Steele's opinion, and therefore the ALJ erred in affording [Dr. Steele's] opinion "great weight" based on its consistency with "objective medical findings in the record taken as a whole . . . and consistent with the objective findings noted on consultative examination by Dr. Johnson in September 2009."

(Id.). Plaintiff also argues that Dr. Steele's opinion is inconsistent with that of Dr. Carlson. (Id.) Thus, Plaintiff asserts that the recommendation of the Magistrate Judge that the ALJ's RFC determination is supported by substantial evidence should be rejected. (Id.).

Although the opinions of "non-examining, reviewing physicians . . . when contrary to those of examining physicians are entitled to little weight in a disability case, and standing alone do not constitute substantial evidence," Hoffman v. Astrue, 259 F. App'x 213, 218 (11th Cir. 2007), the Eleventh Circuit has stated that "an ALJ may reject any medical opinion if the evidence [in the record] supports a contrary finding." Sharfarz v. Bowen, 825 F.2d 278, 280 (11th Cir. 1987). Additionally, where a consulting physician's opinion is more consistent with clinical evidence than the examining physician's opinion,

the ALJ may accord greater weight to the consulting physician's opinion.  Flowers v. Comm'r of Soc. Sec., 441 F. App'x 735, 740 (11th Cir. 2011).

Here, although Dr. Johnson was an examining physician, he was not a treating physician and his opinion is not automatically entitled to controlling weight.  Dr. Johnson's opinion must be evaluated in light of the totality of the clinical record.  Id. Regardless of whether Dr. Johnson's opinion was the objective result of his physical examination or simply a recounting of Plaintiff's subjective self-reported limitations, his opinion is inconsistent with the record taken as a whole.  As the Magistrate Judge found in his Report and Recommendation, the ALJ discussed at length the inconsistencies between Dr. Johnson's opinion and those of the other physicians who treated, examined, and reported on Plaintiff's medical conditions.  (Tr. 32-39).  Thus, the Magistrate Judge properly found that the ALJ was entitled to give little weight to Dr. Johnson's opinion.

On the other hand, based on the record taken as a whole, the ALJ found Dr. Steele's opinion to be supported by substantial evidence.  (Tr. 39).  His findings and recommendations are supported by the reports of Plaintiff's other examining physicians, with the exception of Dr. Johnson.  (Tr. 32-39).  Additionally, Plaintiff's argument that Dr. Steele's opinion should not be accorded great weight because it is inconsistent with Dr. Carlson's findings is not supported by the record.  Dr. Steele's RFC analysis stated that:

> Plaintiff should only lift/carry up to 10 pounds frequently and 20 pounds occasionally; stand or walk for about 6 hours in an 8 hour work day; perform unlimited pushing or pulling for lifting or carrying within the foregoing parameters; and occasionally climb ladders, ropes or scaffolds; [h]owever, Plaintiff must avoid concentrated exposure to vibration.

(Tr. 31).  There is no evidence in the record to indicate that this opinion is inconsistent with Dr. Carlson's diagnosis of spondylosis.  Therefore, although Dr. Steele was a non-

examining physician, because his opinion is more consistent with the record when taken as a whole than Dr. Johnson's opinion, the ALJ was justified in giving greater weight to Dr. Steele's opinion.   Thus, the Court overrules Plaintiff's objection and adopts the Magistrate Judge's recommendation.

## B. Plaintiff's Credibility

Plaintiff asserts that the ALJ erred in evaluating Plaintiff's credibility.  The Report and Recommendation found that the ALJ did not err in determining that Plaintiff was not entirely credible.

One of the ALJ's duties is to determine the credibility of a claimant, and if the ALJ finds the claimant to lack credibility, he must articulate the reasons for doing so.  Foote v. Chater, 67 F.3d 1553, 1561-62 (11th Cir. 1995).  If the ALJ clearly articulates his reasons for discrediting a claimant with substantial supporting evidence in the record, his finding will not be disturbed by a reviewing court.  Id. at 1562 (citing MacGregor v. Bowen, 786 F.2d 1050, 1054 (11th Cir. 1985)); see also Moore, 405 F.3d at 1211 ("This limited review precludes . . . making credibility determinations"); Wilson v. Barnhart, 284 F.3d 1219, 1221 (11th Cir. 2002).

Plaintiff argues that the Magistrate Judge's recommendation concerning the ALJ's credibility determination should be rejected because Plaintiff's testimony regarding his daily activities is consistent with his statements regarding his pain.  (Doc. #18, p. 2-3).  Plaintiff's objection is not well taken.  The ALJ found inconsistencies in Plaintiff's statements regarding his pain in light of both Plaintiff's own statements regarding his daily activities and the evidence provided throughout the entire medical record.  (Tr. 32).

Plaintiff testified that his lower back pain is constantly at a level of "10" on a scale of 10, his neck pain is constantly at a level of "8", he is unable to sit for more than 15 minutes or stand for more than 20 minutes, and that he can perform activities with his hands for no more than 20 minutes at a time.  (Tr. 31-32).   Furthermore, Plaintiff testified that his abilities were limited because of a history of bloody stools and anal bleeding that his physicians associated with his lumbar impairment, "cartilage pressing into the capillaries." (Tr. 32).

The ALJ compared these statements to Plaintiff's statements about his daily activities, which include driving for 30 minutes at a time, accompanying his mother for shopping, and playing videogames and computers.  (Tr. 38).  The ALJ noted that "[a]lthough very limited, these activities of daily living are inconsistent with the claimant's allegations of constant neck and lower back pain at levels of '8-10' on a scale of 10, with shooting pain radiating down his arms and legs, and pain of sufficient severity to preclude concentration or focus."  (Tr. 38).  Furthermore, the ALJ found Plaintiff's statements regarding his pain to be inconsistent with the objective findings of physicians regarding the intensity, persistence, and limiting effects of the symptoms alleged by Plaintiff.  (Tr. 32).  In support of his determination, the ALJ discussed in detail the medical evidence in the record that was contrary to Plaintiff's testimony.  (Tr. 32-39).

Concerning Plaintiff's claims about his limitations based on a history of bloody stools and anal bleeding, Plaintiff bears the burden to provide evidence in support of his claim.  Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001); Barnes v. Sullivan, 932 F.2d 1356, 1359 (11th Cir. 1991); Jackson v. Bowen, 801 F.2d 1291, 1293-94 (11th Cir. 1986).  Plaintiff failed to provide any evidence to support his claim and contrary to

Plaintiff's testimony, these symptoms appear nowhere in his doctor's records.  As such, the ALJ did not err in finding that Plaintiff's testimony on this matter is not supported by substantial evidence.

Thus, because the ALJ clearly articulated his reasons for finding Plaintiff not entirely credible and because there is substantial evidence in the record in support thereof, the Court will affirm the Magistrate Judge's findings and will not disturb the ALJ's decision.

Plaintiff also objects to the Magistrate Judge's recommendation because the Magistrate Judge did not address Plaintiff's argument concerning the lack of support for the ALJ's finding that Plaintiff has a poor work history.  Plaintiff asserts that the ALJ's statement that Plaintiff has a poor work history is inconsistent with the ALJ's recognition of Plaintiff's work as a performer with a band from July 1994 through December 31, 2008-January 1, 2009.  (Doc. # 18, p. 3).  Plaintiff argues that the ALJ based his credibility determination on Plaintiff's "poor work history," and therefore the Magistrate Judge erred in recommending that the ALJ's determination be upheld.

First, the ALJ's finding that Plaintiff had a "poor work history" is supported by the record.  The ALJ found that Plaintiff had only held "a few odd jobs" outside of his drumming and vocalist work.  (Tr. 38)  The ALJ also found that Plaintiff told the consultative examiner that he "ran a store," but later testified that he did not complete his first day of work for medical reasons.  (Id.).  In addition to Plaintiff's own inconsistent statements concerning that job, there is no evidence in the record to suggest that medical problems prevented him from completing his first day of work as opposed to a

"lack of motivation." (Id.).   Thus, the ALJ's statement concerning Plaintiff's "poor work history" is not inconsistent with the record.

Furthermore, the ALJ's finding that Plaintiff was not entirely credible was not based solely upon his statement that Plaintiff has a "poor work history."   As stated above, the ALJ's finding was based on the inconsistencies between Plaintiff's testimony and the whole of the record.   Therefore, Plaintiff's objection is overruled.

### C. Step 4 Determination

Plaintiff asserts that the ALJ's Step 4 determination was not supported by substantial evidence and should therefore be rejected. Plaintiff argues that the ALJ failed to adequately develop the record, determine Plaintiff's RFC, and determine whether as a drummer-vocalist Plaintiff was able to avoid concentrated exposure to vibration as opined by Dr. Steele and required by the RFC.   The Report and Recommendation found that the ALJ's Step 4 determination was supported by substantial evidence.

To support a conclusion that a claimant is able to return to his past work, the ALJ must consider all the duties of that work and evaluate the claimant's ability to perform them in spite of his impairments.   Lucas v. Sullivan, 918 F.2d 1567, 1574 n.3 (11th Cir. 1990).   Plaintiff states that the ALJ must "make specific findings of facts regarding the 'strength, endurance, manipulative ability, mental demands and other job requirements of a claimant's past work.'"   (Doc. 18, p. 4 (citing Caponi v. Astrue, No. 2:08-CV-182-DNF, 2009 WL 591433, at *21-22 (M.D. Fla. Mar. 5, 2009)).   However, the Magistrate Judge correctly stated that Plaintiff has the burden to prove that his limitations prevent him from performing his past work as a drummer-vocalist.   See Doughty v. Apfel, 245

F.3d 1274, 1278 (11th Cir. 2001). Plaintiff is "the primary source for vocational documentation, and statements by [Plaintiff] regarding past work are generally sufficient for determining the skill level, exertional demands and nonexertional demands of such work." 20 C.F.R. 416.920(a)(4)(iv), 416.960(b)(2); SSR 82-62.

Plaintiff failed to introduce any evidence regarding whether "concentrated exposure to vibration" would occur in returning to work as a drummer-vocalist. As such, the ALJ was justified in relying on Plaintiff's description of his work as a drummer-vocalist in finding that Plaintiff's past work is consistent with his RFC determination. (Tr. 40). Therefore, the Court overrules Plaintiff's objection.

Thus, after an independent review of the record, the Court agrees with the findings and recommendations of the magistrate judge in the Report and Recommendation. Therefore, Plaintiff's objections are overruled.

Accordingly, it is now

**ORDERED:**

1. The Report and Recommendation of United States Magistrate Judge Douglas N. Frazier (Doc. # 17) is **ADOPTED, CONFIRMED,** and **APPROVED** and is made a part of this Order for all purposes.

2. The decision of the Commissioner of Social Security is **AFFIRMED**.

3. The Clerk is directed to enter judgment accordingly and to close the file.

**DONE** and **ORDERED** in Fort Myers, Florida this 13th day of September, 2013.

**SHERI POLSTER CHAPPELL**
**UNITED STATES DISTRICT JUDGE**

Copies:  All Parties of Record